Filed 9/7/16   P. v. Cook CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRAVON COOK,<br><br>Defendant and Appellant. | F070622<br><br>(Super. Ct. No. BF155259A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Joshua G. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Kane, Acting P.J., Peña, J. and Smith, J.

Appellant Travon Cook pled no contest to second degree burglary (Pen. Code, §§ 459/460, subd. (b))[1] and admitted allegations that he had a prior conviction within the meaning of the Three Strikes law (§ 667, subds. (b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Refaat Tayan was the owner of the AA Liquors in Bakersfield, California. Tayan had ongoing problems with Cook and had threatened to have him arrested for trespassing if he returned to the store. On June 2, 2014, Cook entered the store and he and Tayan began to argue. Cook attempted to make a purchase and pay for it. However, after Tayan pushed the money back, Cook slapped him on the face. Tayan reacted by throwing a cordless phone at Cook. Cook got angrier and began walking along the counter to an opening where he entered the area behind the counter. Tayan retrieved a phone and was about to call 911 when Cook approached him behind the counter yelling at him. Tayan feared for his safety because of his prior contacts with Cook and retrieved a gun from under the counter. Cook began yelling at Tayan to shoot him as Tayan held the gun in his right hand and held Cook back with his left hand. Tayan pushed Cook back and fired a shot into the floor. A customer then escorted Cook out of the store. However, Cook came back inside and continued yelling at Tayan. He also knocked down a microwave oven and some food item displays. Tayan fired a second bullet that also did not strike Cook. Cook then yelled that he was going to kill Tayan and ran from the store.

Bakersfield Police Officer Brandon Doyle detained Cook across the street from Tayan's store. During a search of Cook, Officer Doyle found a clear plastic baggie that contained marijuana and a rubber circular container that contained concentrated cannabis in the form of a sap-like substance.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

On August 29, 2014, the district attorney filed an information charging Cook with making criminal threats (count 1/§ 422), second degree burglary (count 2), possession of concentrated cannabis (count 3/Health & Saf. Code, § 11357, subd. (a)), misdemeanor battery (count 4/§ 243, subd. (a)), misdemeanor vandalism (count 5/§ 594, subd. (b)(2)(A)), and possession of less than an ounce of marijuana (count 6/Health & Saf. Code, § 11357, subd. (b)), an infraction. Counts 1 through 3 also alleged a prior prison term enhancement (§ 667.5, subd. (b)), two serious felony enhancements (§ 667, subd. (a)), and that Cook had two prior convictions within the meaning of the Three Strikes law.

On October 24, 2014, Cook entered his no contest plea to second degree burglary and admitted one of the prior prison term enhancements and that he had a prior strike conviction. In exchange for his plea, the remaining counts and allegations were dismissed that day, Cook's prior strike conviction would be dismissed at a later date, and Cook would receive a stipulated local term of one year in custody and one year on supervised release. It also provided that he could be released from custody prior to serving a year in custody if he were admitted to a drug rehabilitation program.

On November 26, 2014, the court struck Cook's prior strike conviction, suspended imposition of sentence, and placed him on probation for three years. As conditions of probation, the court ordered him to serve one year in jail, complete an inpatient drug and alcohol treatment program approved by probation, and waive any custody credit for the time he spent in the program. The court also awarded Cook 356 days of presentence custody credit, 178 actual custody credit and 178 days of goodtime/worktime credit, and it dismissed two unrelated misdemeanor cases.

Cook's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Cook has not responded to this court's invitation to submit additional briefing.

3

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.